UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY FLORES, | Case No.: 3:24-cv-01189-JES-MSB |
|---|---|
| Plaintiff, | **ORDER:** |
| v. | **(1) DISSOLVING ORDER TO SHOW CAUSE; and** |
| DOE AGENT 1, et al., | |
| Defendants. | **(2) GRANTING MOTION TO AMEND/CORRECT THE COMPLAINT** |
| | **[ECF No. 13]** |

On November 6, 2024, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for failure to serve Defendant, Doe Agent 1. ECF No. 4. Plaintiff was ordered to file a written response on or before November 22, 2024. *Id*. On November 22, 2024, Plaintiff filed a response to the Court's OSC detailing reasons for the delay and informing the Court that initially Plaintiff could not identify Doe Agent 1 and filed an amended complaint ("FAC") naming the United States as a defendant and has completed service on the United States. ECF No. at 11. Further, Plaintiff argues that the filing of the amended complaint restarts the time period for service under Federal Rules of

Civil Procedure 4. *Id*. In the alternative, Plaintiff argues that he has shown good cause to extend the time for effectuating service upon Doe Agent 1.

The filing of an amended complaint does not reset the 90-day service deadlines for those defendants previously named in the original complaint. Otherwise, a plaintiff could repeatedly file amended complaints to extend the time for service indefinitely. *Mitchell v. County of Nye*, No. 2:15-cv-01714-APG-NJK, 2016 WL 6782740, at *2 (D. Nev. Nov. 14, 2016); *See also McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990). In *McGurkin*, the Ninth Circuit allowed service within 120 days of filing of the complaint, but only because the plaintiff added the United States as a new defendant in the amended complaint. *Id*. Here, Doe Agent 1 was named in the original complaint. ECF No. 1. Filing the FAC does not restart the service period for Doe Agent 1. *See, e.g. Lycurgan, Inc. v. Griffith*, No. 14-CV-548 JLS (KSC), 2017 WL 4680143, at *3 (S.D. Cal. Oct. 18, 2017); *Thai v. United States*, No. 15-CV-583-WQH (NLS), 2016 WL 1585135, at *2 (S.D. Cal. Mar. 15, 2016); *Torres v. Colvin*, No. CV-13-2300-PHX-LOA, 2014 WL 2683296, at *1 (D. Ariz. June 13, 2014).

However, the Court will extend the 90-day time limit of Rule 4(m) as Plaintiff has shown good cause for the delay in service for Doe Agent 1. Plaintiff has made numerous efforts to identify Doe Agent 1 and has filed a motion to file a Second Amended Complaint ("SAC") to add Marco Andrade in place of Doe Agent 1. ECF No. 13. The United States does not oppose Plaintiff's motion to file the SAC. As such, Plaintiff's motion to file the SAC is **GRANTED**. Plaintiff shall promptly file the proposed SAC and a new summons shall issue forthwith for Plaintiff to execute service no later than **February 5, 2025**. Further, the Court now **DISSOLVES** the OSC.

/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS SO ORDERED.**

Dated: January 13, 2025

Honorable James E. Simmons Jr.
United States District Judge